UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PATRICK BRUINING,

        Plaintiff,

vs.

GRAND TRAVERSE RESORT & SPA, LLC,

        Defendant.
_____/

Case No.

Hon.

David A. Rhem (P38037)
**SCHOLTEN FANT, P.C.**
Attorney for Plaintiff
100 N. Third St., P.O. Box 454
Grand Haven, MI  49417
 (616) 842-3030
drhem@scholtenfant.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Patrick Bruining ("Plaintiff"), by and through his attorneys, Scholten Fant, P.C., complains against Defendant, Grand Traverse Resort & Spa, LLC ("GTRS"), as follows:

## PRELIMINARY STATEMENT

Plaintiff is a former employee of Defendant GTRS.  Plaintiff was initially hired as Head Tennis Professional at GTRS, and was compensated through a nominal salary and tennis lesson fees.  Defendant misclassified Plaintiff as a salaried employee and failed to pay him overtime for hours worked in excess of 40 hours per week.  Plaintiff seeks damages for unpaid overtime, liquidated damages, and attorney fees and costs under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA").

1

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 USC §1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC §216(b).

2. This Court has supplemental jurisdiction over the State law claims pursuant to 28 USC §1367.

3. Venue is proper within this judicial district under 28 USC §1391(b).

## PARTIES

4. Plaintiff, Patrick Bruining, is a resident of Ottawa County, Michigan, and the Western District of Michigan. He has consented to sue for violations of the FSLA, pursuant to 29 USC §216(b).

5. Defendant, GTRS, is a corporation organized under the laws of the State of Michigan, doing business in the Western District of Michigan. Defendant operates the Grand Traverse Resort & Spa in Traverse City, Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff was an "employee" of Defendant GTRS as defined by 29 USC §203(e).

7. Defendant GTRS is an "employer" as defined by 29 USC §203(d).

8. At all times material to this action, Defendant GTRS was an "enterprise" engaged in commerce or in the production of goods and services for commerce as defined by 29 USC §203(s)(1).

9. Defendant GTRS hired Plaintiff as the Head Tennis Professional on October 11, 2010, to work at its Traverse City, Michigan, resort. During his employment, Plaintiff's primary job duties involved providing tennis lessons to resort members and guests, assisted with tennis tournaments, filling out paperwork, and general cleaning of the tennis court areas.

10. Defendant paid Plaintiff a nominal salary, along with payment on an hourly basis for tennis lessons he provided to members and guests of the GTRS. In addition, Plaintiff was paid flat rate amounts for other tennis activities, including tournaments, and was provided various fringe benefits, including health insurance.

11. Defendant withheld taxes from Plaintiff's paychecks, provided him with a W-2 for his 2010 compensation, and issued him an employee handbook.

12. Defendant set Plaintiff's work schedule, including "on call" time, and required Plaintiff to comply with its employment policies.

13. Plaintiff was misclassified as an exempt salaried employee, and was not paid overtime compensation, as required by the FLSA, from October 11, 2010 to the date of his termination on April 13, 2011, for hours worked in excess of forty hours per week.

14. Plaintiff regularly worked in excess of forty hours per week, but was not paid any overtime for these hours worked during the applicable statutory period.

15. Plaintiff was also forced by the GTRS to pay money out of his own pocket to an organization that used the GTRS for a tennis event.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff incorporates by reference paragraphs 1 - 15 as though set forth herein.

17. Defendant is engaged in interstate commerce, and its employees work with materials, goods and equipment that have been moved in or produced by persons for commerce. In performing the operations in working with the materials, goods and equipment from out of state, Defendant's employees, including Plaintiff, were engaged in commerce within the meaning of 29 USC §§203(b),(i),(j) and §§206(a) and 207(a).

18. During Plaintiff's employment, Plaintiff was not compensated for all hours worked, contrary to 29 USC §207(a).

19. Defendant employed Plaintiff in commerce without compensating him for working work weeks longer than 40 hours, and has intentionally failed and/or refused to compensate Plaintiff for such work in excess of 40 hours at one and one-half times the regular rate at which he was employed, contrary to 29 USC §207(a).

20. As a result of Defendant's violations of the Act, Plaintiff has been damaged.

21. Defendant has failed to maintain accurate records of Plaintiff's hours contrary to 29 USC §211(c).

22. Defendant's failure to pay Plaintiff's overtime compensation was willful within the meaning of 29 USC §255(a), and not in good faith within the meaning of §11 of the Portal to Portal Pay Act, 29 USC §260.

23. Because Defendant's violation of the FLSA was not in good faith, Plaintiff is entitled to liquidated damages under 29 USC §216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the following relief:

A. A declaratory judgment that the practices and policies complained of herein are unlawful under the FLSA;

B. An injunction against Defendant GTRS and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in the unlawful practice and policies set forth herein;

C. Judgment against Defendant GTRS in the amount due for overtime compensation, and an equal additional amount of liquidated damages;

    D.    Award to Plaintiff for costs of the action incurred, including expert fees, as provided by the FLSA;

    E.    Award to Plaintiff his reasonable attorneys' fees and costs as provided by the FLSA for the prosecution of this action;

    F.    Prejudgment and post-judgment interest as provided by law; and

    G.    Such other legal or equitable relief this Court deems necessary, just and proper.

Respectfully Submitted,

SCHOLTEN FANT, P.C.

Dated:  August 11, 2011    By:  ____/s/__David A. Rhem_____
David A. Rhem (P38037)
**SCHOLTEN FANT, P.C.**
Attorneys for Plaintiff
100 N. Third St., P.O. Box 454
Grand Haven,  MI  49417
(616) 842-3030
drhem@scholtenfant.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Patrick Bruining, by and through his attorneys, Scholten Fant, P.C., hereby demands a trial by jury.

Respectfully Submitted,

SCHOLTEN FANT, P.C.

Dated:  August 11, 2011    By:  ____/s/__David A. Rhem_____
David A. Rhem (P38037)
**SCHOLTEN FANT, P.C.**
Attorneys for Plaintiff
100 N. Third St., P.O. Box 454
Grand Haven,  MI  49417
(616) 842-3030
drhem@scholtenfant.com